**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BRIAN BORCHARDT, | No.    16-16970 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02039-JGZ |
| v. | MEMORANDUM[*] |
| CITY OF TUCSON, a municipal corporation of the State of Arizona; D. COX, in official capacity, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted December 7, 2017[**]
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[***] District
Judge.

Plaintiff-Appellant Brian Borchardt appeals the district court's grant of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Steven J. McAuliffe, United States District Judge for
the District of New Hampshire, sitting by designation.

summary judgment with regard to Borchardt's second cause of action, and its dismissal of Borchardt's first cause of action as unripe. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here.

1. A just-compensation claim brought under § 1983 is not ripe where a plaintiff has not sought compensation through available state procedures. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). Borchardt has not shown that he made any attempt to seek compensation in Arizona prior to initiating his federal suit, or that he did not do so because Arizona's procedures were unavailable or inadequate. *See Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1506-07 (9th Cir. 1990). Therefore, Borchardt's § 1983 claim was unripe, and the district court lacked jurisdiction to consider it. *See S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 502 (9th Cir. 1990).

2. Borchardt's Fifth Amendment due process claim fails as a matter of law because Borchardt has not alleged any misconduct on the part of the federal government. *See Lee v. City of L.A.*, 250 F.3d 668, 687 (9th Cir. 2001).

3. Borchardt's Fourteenth Amendment due process claim also fails as a matter of law because the notice provided by the City of Tucson (the "City") was

sufficient.  The Fourteenth Amendment requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  The City's attempts to serve Borchardt at a variety of different addresses, through a variety of means, and over the course of several years, more than met this standard.

For the foregoing reasons, the district court's grant of summary judgment with regard to Borchardt's second cause of action and dismissal of Borchardt's first cause of action as unripe are AFFIRMED.

AFFIRMED.